THOS. LOCKHARD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—292.]

**Evidence in Criminal Cause.**

Where two witnesses in a case where the accused is charged with larceny swear that they were present in the room where the larceny is charged to have been committed, and the commonwealth brings on the stand the prosecuting witness, who in rebuttal is allowed to testify that neither of the two witnesses were in the room, the defense should be permitted to show by a third witness who claims to have been in the room at the time that said two witnesses for the defense were in the room at the time the larceny is charged to have been committed.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE PRYOR:

If Hitchcock is to be believed, the accused is guilty of larceny, and if the two witnesses for the defense are to be credited the appellant stands wrongfully convicted.

The witness for the commonwealth says that Lockhard grabbed his money and ran off with it, while the two witnesses for the defense say that the accused won the money of Hitchcock in a game of poker. They both swear they were present at the time, and detailed the manner in which the money was lost. After the two witnesses for the accused had testified, the commonwealth then recalled Hitchcock, the witness for the state, who had lost the money, and proved by him that the two witnesses for the defense were not present. If Hitchcock tells the truth they had both sworn falsely. When this was done the defense introduced one Vowells and offered to prove by him that he was in the room, and that the witnesses for the defense were present at the time. This was very material testimony for the defense, and as the commonwealth had been permitted to attack their testimony it was competent in rebuttal to show by other witnesses that they were present, and so could speak truly of the transaction. Whether they were telling the truth was a question for the jury alone. The witnesses for the defense said there were no others in the room but those they named, and in

the list Vowells was not included; still he might have been present, and if so the accused was entitled to his testimony, as the statement by Hitchcock that they were not present must have affected seriously the rights of the accused.

We are not disposed to adjudge from the testimony that those jointly indicted with the accused, a conspiracy being alleged, were competent witnesses. It was with the court below to determine that question.

For the reasons indicated the judgment is *reversed,* and remanded for a new trial in conformity with this opinion.

*Owen & Ellis, James Stewart, for appellant.*
*P. W. Hardin, for appellee.*